MCGREGOR W. SCOTT
United States Attorney
JEFFREY J. LODGE, CABN 152205
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
Email: jeffrey.lodge@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOMI TIENDA, an individual, and JIMMY TIENDA, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> ADVENTIST HEALTH HANFORD, an entity of unknown form; DAVID WAYNE NELSON, M.D., an individual; SAMUEL MORALES, CRNA, an individual, and DOES 1-200, inclusive, <br><br> Defendants. | Case No. <br><br> **NOTICE AND PETITION REMOVING CIVIL ACTION FROM STATE COURT** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

The United States hereby removes the above-captioned action from the Kings County Superior Court to this Court. The grounds for removal are as follows:

1. Removal is specifically authorized by the Federally Supported Health Centers Assistance Act (FSHCAA), 42 U.S.C. § 233(c), because the Complaint seeks damages for personal injury resulting from the performance of medical functions by a deemed employee of the Public Health Service acting in the scope of such employment. At the time of the events alleged in the Complaint, defendant David Wayne Nelson, M.D. was a "deemed employee" of the Public Health Service under the FSHCAA, and was acting in the scope of such employment at Family HealthCare Network, a federally supported health

NOTICE AND PETITION REMOVING CIVIL
ACTION FROM STATE COURT

1

1. center, with respect to the claims of medical malpractice. A formal certification of his "deemed" employment and scope of employment is filed herewith. The FSHCAA provides that upon such certification, "any such civil action or proceeding commended in a State court shall be removed without bond at any time before trial . . . and the proceeding deemed a tort action brought against the United States." 42 U.S.C. § 233(c).

2. Removal is also specifically authorized by the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. As just explained, under the FSHCAA, this action is deemed a tort action against the United States to the extent that it includes personal injury claims resulting from the performance of medical functions. The FTCA confers "exclusive jurisdiction" on federal courts to hear tort claims against the United States, 28 U.S.C. § 1345(b)(1), and specifically provides that, upon certification that a defendant was acting in the scope of federal employment at the time of the incident out of which the claim arose, any such action filed in state court "shall be removed without bond at any time before trial". 28 U.S.C. § 267(d)(2).

3. Attached is a copy of all process, pleadings and orders received by the United States as of the date of this petition.

WHEREFORE, this action is hereby properly removed to this Court.

Respectfully submitted,

MCGREGOR W. SCOTT
Acting United States Attorney

Dated: August 19, 2020  By:  /s/Jeffrey J. Lodge
JEFFREY J. LODGE
Assistant U.S. Attorney
Attorneys for the United States

NOTICE AND PETITION REMOVING CIVIL
ACTION FROM STATE COURT

2

FILED
2/6/2020 3:34 PM
Michelle S. Martinez, Clerk of Court
Superior Court of the State of California
County of Kings

_____ Deputy
Karin Noble

1 | Robert J. Ounjian, SBN 210213
Sasha J. Skaf, SBN 311607
2 | **CARPENTER, ZUCKERMAN & ROWLEY**
8827 West Olympic Boulevard
3 | Beverly Hills, CA 90211
Phone: (310) 273-1230
4 | Fax: (310) 858-1063

5 | Attorneys for Plaintiffs, *LEOMI TIENDA and JIMMY TIENDA*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA-

## KINGS COUNTY

20C-0041

| LEOMI TIENDA, an individual, and JIMMY TIENDA, an individual, | **COMPLAINT FOR DAMAGES** |
|---|---|
| Plaintiffs, | 1. **NEGLIGENCE – MEDICAL MALPRACTICE**<br>2. **LOSS OF CONSORTIUM**<br>3. **MEDICAL BATTERY** |
| v. | |
| ADVENTIST HEALTH HANFORD, an entity of unknown form; DAVID WAYNE NELSON, M.D., an individual; SAMUEL MORALES, CRNA, an individual, and DOES 1-200, inclusive, | |
| Defendants. | |

COMES NOW Plaintiffs, LEOMI TIENDA and JIMMY TIENDA ("Plaintiffs"), to allege of Defendants, ADVENTIST HEALTH HANFORD, DAVID WAYNE NELSON, M.D., SAMUEL MORALES, CRNA, and DOES 1-200 inclusive ("Defendants"), as follows:

### GENERAL ALLEGATIONS

1. At all times herein mentioned, Plaintiffs LEOMI TIENDA AND JIMMY TIENDA were and are competent adults residing in Kings County, in the State of California.

2. The injury upon which this action is based occurred in the City of Hanford, of the Superior Court of the State of California for Kings County.

3. The true names and capacities, whether individual, corporate, associate or

otherwise of Defendants sued herein as DOES 1-200 are unknown to Plaintiffs at this time, who therefore, sues said Defendants by such fictitious names; and leave of court will be requested to amend this complaint to show their true names and capacities when the such information has become ascertained.

4. At all times herein mentioned, each of the Defendants named as a DOE, was, and still is, legally responsible in some manner for the events and happenings herein referred to and proximately caused all injuries and damages to Plaintiffs, thereby, as herein alleged.

5. At all times herein mentioned, Defendants, ADVENTIST HEALTH HANFORD, was, and continues to be, an entity of unknown form authorized and permitted to conduct business in California.

6. Defendant, DAVID WAYNE NELSON, M.D., is, and at all times mentioned herein, was, a physician licensed to practice medicine by the State of California, holding license #G28470, with full admitting privileges at Adventist Health Hanford, located at 115 Mall Drive, Hanford, CA 90404.

7. Defendant, SAMUEL MORALES, CRNA, is, and at all times mentioned herein, was, a Certified Registered Nurse Anesthetist licensed to practice by the State of California at Adventist Health, located at 115 Mall Drive, Hanford, CA 90404.

8. At all times herein mentioned, Defendants, DAVID WAYNE NELSON, M.D., SAMUEL MORALES, CRNA, and DOES 101-200, inclusive, and each of them, were, and now are, nurses, physicians and surgeons, licensed by the State of California to practice in the State of California.

9. At all times herein mentioned, Defendants, ADVENTIST HEALTH HANFORD and DOES 1 through 100, inclusive, and each of them, were the co-joint-venturers, masters and employers of the Defendants, DAVID WAYNE NELSON, M.D., SAMUEL MORALES, CRNA, and DOES 101 through 200, inclusive, and each of them, who, at all times herein mentioned, were acting within the course and scope of their agency, employment and/or joint venture.

10. Defendants, DAVID WAYNE NELSON, M.D., SAMUEL MORALES, CRNA,

COMPLAINT FOR DAMAGES – MEDICAL MALPRACTICE

and DOES 101 through 200, at all times herein mentioned held themselves out to the public at large and to Plaintiffs, in particular, as fully qualified medical professionals, physicians and surgeons, duly licensed to practice their profession in the State of California, and exercising prudent, reasonable judgment and care in the selection, employment and control of qualified, trained, experienced nurses, nurse practitioners, nursing personnel, orderlies, assistants, aides and employees under their supervision, control, direction, responsibility and authority while performing services and caring for patients including, but not limited to, Plaintiff, LEOMI TIENDA.

11. Defendants, ADVENTIST HEALTH HANFORD, and DOES 1 through 100, at all times herein mentioned, owned, operated, managed, controlled and administered a general hospital facility in Kings County, California, and held itself out to the public at large, and to Plaintiffs in particular, as a properly equipped, fully accredited, competently staffed facility with qualified and prudent personnel, and operating in compliance with the standard of care maintained in other properly and efficiently operated and administered, accredited hospital facility in the Kings County medical and surgical community, offering full, competent and efficient medical, surgical, laboratory, x-ray, anesthesia, paramedical and other services to the general public and to Plaintiff herein; and said defendants, ADVENTIST HEALTH HANFORD, and DOES 1 through 100, administered, governed, controlled, managed and directed all the necessary functions, activities and operations of said facility including its nursing care, training of interns, residents and house staff, and the activities of medical professionals, physicians and surgeons acting within said facility.

12. At all times herein mentioned, Plaintiff LEOMI TIENDA was in the exclusive control of the Defendants, and each of them, and at no time prior to the events, conduct, activity, care and treatment as herein complained of did Defendants, or one or more of them, obtain Plaintiff's knowledgeable, informed consent for the care, treatment or conduct as herein alleged, and that prior to the initiation of or performance of said care, treatment, procedure or conduct, no opportunity was afforded to Plaintiff herein to exercise voluntary, knowledgeable and informed consent to said care, treatment, procedure or conduct.

COMPLAINT FOR DAMAGES – MEDICAL MALPRACTICE

13.     At all times mentioned herein, Defendants DOES 190-200, inclusive, were Medical Business Organizations ("MBOs"), including but not limited to HMOs, administering or managing the provision of health services, or agents thereof, or middlepersons interfacing between an MBO and the health care providers actually providing care to patients, including the Plaintiffs herein.

14.     Prior to the filing of the within complaint, three years have not elapsed from the date of injury, nor has one year elapsed since Plaintiffs first learned of the injury. On or about October 1, 2019, Plaintiff first learned, or had a reasonable opportunity to learn, of the fact that the injuries suffered and complained of herein were a proximate result of the negligent acts or omissions of the defendants.

15.     Other physicians, surgeons, staff and/or nursing and medical personnel who caused or contributed to these events may be added as DOE defendants when their names are ascertained.

## FIRST CAUSE OF ACTION
## NEGLIGENCE – MEDICAL MALPRACTICE

(On behalf of Plaintiff LEOMI TIENDA against All Defendants)

16.     Plaintiffs incorporate and re-allege, by reference, all of the allegations contained in Paragraphs 1 through 15 as though fully set forth herein.

17.     During all periods of time during which Plaintiff, LEOMI TIENDA, was a patient of Defendants, the Defendants, and each of them, agreed to perform and undertook to perform for Plaintiff, LEOMI TIENDA, all services necessary to Plaintiff's care, which included, but was not limited to, a Diagnostic Laparoscopy. Plaintiff, LEOMI TIENDA, and in so doing, the Defendants, and each of them, established a relationship with Plaintiff LEOMI TIENDA, giving rise to each Defendants' duty to Plaintiff to provide skillful management of her health conditions, which included, but was not limited to, a Diagnostic Laparoscopy of LEOMI TIENDA.

18.     On or about October 1, 2019, Plaintiff LEOMI TIENDA was scheduled for, and consented to, a Diagnostic Laparoscopy. Plaintiff LEOMI TIENDA was prepped for surgery and

**COMPLAINT FOR DAMAGES – MEDICAL MALPRACTICE**

anesthetized, and Defendants, and each of them, allowed, or otherwise negligently caused Plaintiff, LEOMI TIENDA, to undergo a completely different surgery, a Laparoscopic Bilateral Tubal Fulguration ("Sterilization Surgery"). As a result, Defendants, and each of them, negligently performed the wrong surgery on Plaintiff LEOMI TIENDA without her knowledge or consent. Defendants, and each of them, caused Plaintiff LEOMI TIENDA to suffer serious physical and emotional injuries as a result.

19. That the treatment performed by Defendants, and each of them, and by Defendants' employees, and each of them, upon Plaintiff, LEOMI TIENDA, negligently failed to conform to the standard of care both with respect to the care and treatment rendered to Plaintiff and with respect to providing to Plaintiff information about the risks and hazards, or other harmful consequences, that might follow from the treatment, or diagnosis the Defendants, and each of them, negligently performed for Plaintiff, LEOMI TIENDA.

20. At all times herein mentioned, Defendant, ADVENTIST HEALTH HANFORD, and DOES 1 through 200, negligently and carelessly failed to properly ensure the character, quality, ability and competence of individuals, including the remaining Defendants, and each of them, treating patients in said facility and as a proximate result thereof, Plaintiff, LEOMI TIENDA, was caused to, and did, suffer injuries and damages proximately thereby, as herein alleged. For a period before the events as set forth herein, Defendants, and each of them, undertook to, and did, treat Plaintiff, LEOMI TIENDA, and agreed to diagnose such conditions as Plaintiff might have and to render proper care in respect thereto, and to do all things necessary and proper in connection therewith; and the Defendants, and each of them, thereafter entered on such employment individually and by and through their employees, agents and servants.

21. From and after said times, Defendants, and each of them, so negligently treated and performed surgery on Plaintiff, and so negligently cared for Plaintiff while she was in the exclusive control of the defendants, and each of them, and so negligently operated, managed, maintained, selected, designed, controlled and conducted their services, activities, personnel and equipment in connection with Plaintiff's care and treatment that the same proximately caused the injuries, damages and detriment to Plaintiff as herein alleged.

COMPLAINT FOR DAMAGES – MEDICAL MALPRACTICE

22. As a proximate result of the said conduct of the Defendants, and each of them, Plaintiff, LEOMI TIENDA, was injured in Plaintiff's body and in her health, strength, activities, mental health and shock, and nervous system, all of which have caused and continue to cause, Plaintiff great physical, mental, and nervous pain, and suffering. Plaintiff, LEOMI TIENDA, is informed and believes and thereon alleges that some or all of said injuries will be of a permanent nature and will result in some permanent disability to Plaintiff, all to Plaintiff's general damages in the sum within the jurisdiction of this court.

23. As a further proximate result of the said misconduct of Defendants, and each of them, Plaintiff, LEOMI TIENDA, was required to, and did, employ physicians, surgeons hospitals, and medical facilities to examine, treat, and care for Plaintiff, and did incur, and will in the future incur, medical and other related expenses in connection herewith, the exact amount of which costs, fees and expenses are unknown to Plaintiff at this time, but will be shown according to the proof at the time of trial.

24. As a further proximate result of the misconduct of the Defendants, and each of them, Plaintiff was prevented from attending to Plaintiff's usual occupation and has thereby suffered a loss of income and loss of earning opportunity; and Plaintiff is informed and believes and thereon alleges that by reason of said injuries as herein alleged, Plaintiff has suffered and will continue in the future to suffer a loss of earning capacity, the exact amount of which shall be shown, at the time of trial, during the course of Plaintiff's presentation of evidence.

## SECOND CAUSE OF ACTION
## FOR LOSS OF CONSORTIUM

(On behalf of Plaintiff JIMMY TIENDA against All Defendants)

25. Plaintiff, JIMMY TIENDA, alleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

26. As a legal and direct result of the aforementioned negligence of Defendants, and DOES 1 through 200, inclusive, and each of them, Plaintiff, JIMMY TIENDA, was and still is deprived of the consortium and of conjugal fellowship and sexual relations of and with his

6

COMPLAINT FOR DAMAGES – MEDICAL MALPRACTICE

spouse Plaintiff, LEOMI TIENDA, in an amount according to proof at trial.

27. Plaintiff JIMMY TIENDA will also be deprived of physical and domestic and other assistance in the operation of Plaintiffs' home, and of the household services of Plaintiff, LEOMI TIENDA, in an amount according to proof at trial.

## THIRD CAUSE OF ACTION

## FOR MEDICAL BATTERY

(On behalf of Plaintiff LEOMI TIENDA against All Defendants)

28. Plaintiff LEOMI TIENDA incorporates and re-alleges, by reference, all of the allegations contained in Paragraphs 1 through 27 as though fully set forth herein.

29. On or about October 1, 2019 Plaintiff LEOMI TIENDA was to undergo a Diagnostic Laparoscopy. Plaintiff LEOMI TIENDA consented to a Diagnostic Laparoscopy to be performed by Defendant, DAVID WAYNE NELSON, M.D., at Defendant ADVENTIST HEALTH HANFORD.

30. On or about October 1, 2019 Plaintiff underwent what she thought was going to be a Diagnostic Laparoscopy. Plaintiff LEOMI TIENDA was anesthetized by Defendant SAMUEL MORALES, CRNA. When Plaintiff awoke from the procedure she was informed that Defendant, DAVID WAYNE NELSON, M.D. performed a Laparoscopic Bilateral Tubal Fulguration. At no point did plaintiff verbally, in writing, or in any other way give consent to have a Laparoscopic Bilateral Tubal Fulguration, resulting in Plaintiff's complete sterilization.

31. Defendants DAVID WAYNE NELSON, M.D., SAMUEL MORALES, CRNA, ADVENTIST HEALTH HANFORD, and DOES 1-200, and each of them, failed to confirm the correct surgery was being performed on Plaintiff LEOMI TIENDA.

32. By sterilizing Plaintiff through performing a Laparoscopic Bilateral Tubal Fulguration, without Plaintiff's knowledge or consent, the Defendants, and each of them, performed a medical procedure on Plaintiff without her consent which amounts to a medical battery.

33. Defendant, DAVID WAYNE NELSON, M.D., in performing a Laparoscopic Bilateral Tubal Fulguration, sterilized Plaintiff who planned to bear additional children. As a

COMPLAINT FOR DAMAGES – MEDICAL MALPRACTICE

direct and proximate result of Defendant DAVID WAYNE NELSON, M.D.'s decision to sterilize the Plaintiff, Plaintiff LEOMI TIENDA will not be able to bear children. Since the failed surgery by Defendant DAVID WAYNE NELSON, M.D., the Plaintiff has suffered a number of debilitating injuries including, but not limited to, physical pain and suffering, emotional distress, grief, humiliation, embarrassment, stress, loss of safety, anxiety, and depression.

34. Defendants did not encounter an emergency during the procedure that would have allowed them to perform a Laparoscopic Bilateral Tubal Fulguration absent Plaintiff's knowledge and consent.

35. As a direct and proximate result of Defendants misconduct, plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, costs of medical care, loss of income, loss of earning capacity and pain and suffering.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

**FIRST CAUSE OF ACTION:**

1. General damages according to proof;
2. Special damages according to proof;
3. Legal interest on judgment from the filing of this complaint to the date of judgment;
4. Any other and further relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION:**

1. General damages according to proof;
2. Special damages according to proof;
3. Legal interest on judgment from the filing of this complaint to the date of judgment;
4. Any other and further relief as the Court deems just and proper.

///

**THIRD CAUSE OF ACTION:**

1. General damages according to proof;
2. Special damages according to proof;
3. Punitive damages according to proof;
4. Legal interest on judgment from the filing of this complaint to the date of judgment;
5. Any other and further relief as the Court deems just and proper.

DATED: February 6, 2020

CARPENTER, ZUCKERMAN & ROWLEY

By: _____
Robert J. Ounjian
Sasha J. Skaf
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES – MEDICAL MALPRACTICE

FILED
2/6/2020 3:34 PM
Michelle S. Martinez, Clerk of Court
Superior Court of the State of California
County of Kings

Karin Noble, Deputy

Robert J. Ounjian, SBN 210213
Sasha J. Skaf, SBN 311607
**CARPENTER, ZUCKERMAN & ROWLEY**
8827 West Olympic Boulevard
Beverly Hills, CA 90211
Phone: (310) 273-1230
Fax: (310) 858-1063

Attorneys for Plaintiffs, *LEOMI TIENDA and JIMMY TIENDA*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA-

## KINGS COUNTY

| | |
|---|---|
| LEOMI TIENDA, an individual, and JIMMY TIENDA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ADVENTIST HEALTH HANFORD, an entity of unknown form; DAVID WAYNE NELSON, M.D., an individual; SAMUEL MORALES, CRNA, an individual, and DOES 1-200, inclusive,<br><br>Defendants. | 20C-0041<br><br>**DEMAND FOR JURY TRIAL** |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD

Plaintiffs, LEOMI TIENDA and JIMMY TIENDA, hereby demand a trial by jury in the above-captioned case.

DATED: February 6, 2020

CARPENTER, ZUCKERMAN & ROWLEY

By: _____
Robert J. Ounjian
Sasha J. Skaf
Attorneys for Plaintiffs

1
DEMAND FOR JURY TRIAL

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| Sasha J. Skaf　　　　　　　　　　　　SBN: 311607<br>Carpenter, Zuckerman & Rowley<br>8827 West Olympic Boulevard, Beverly Hills, CA 90211<br>TELEPHONE NO.: 310-273-1230　　FAX NO.: 310-858-1063<br>ATTORNEY FOR (Name): Plaintiffs | | **FILED**<br>2/6/2020 3:34 PM<br>Michelle S. Martinez, Clerk of Court<br>Superior Court of the State of California<br>County of Kings |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS<br>STREET ADDRESS: 1640 Kings County Drive<br>MAILING ADDRESS: 1640 Kings County Drive<br>CITY AND ZIP CODE: Hanford, 93230<br>BRANCH NAME: Hanford Courthouse | | _____ Deputy<br>Karin Noble |
| CASE NAME: Leomi Tienda, et al. v. Adventist Health Hanford, et al. | | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited　　[ ] Limited<br>(Amount　　　　(Amount<br>demanded　　　demanded is<br>exceeds $25,000)　$25,000 or less) | [ ] Counter　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20C-0041<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [X] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary　b.[ ] nonmonetary; declaratory or injunctive relief　c.[X] punitive
4. Number of causes of action (specify): 1. Negligence-Medical Malpractice; 2. Loss of Consortium; 3. Medical Battery
5. This case [ ] is [X] is not　a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 6, 2020

Sasha J. Skaf
(TYPE OR PRINT NAME)　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use　　　　　**CIVIL CASE COVER SHEET**　　　　　Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California　　　　　　　　　　　　　　　　　　　　　　　　　　　　Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　www.courtinfo.ca.gov
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Westlaw Doc & Form Builder

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| | SUM-100 |
|---|---|

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** ADVENTIST HEALTH HANFORD, an entity of
*(AVISO AL DEMANDADO):* unknown form; DAVID WAYNE NELSON, M.D., an individual; SAMUEL MORALES, CRNA, an individual, and DOES 1-200, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** LEOMI TIENDA, an individual, and
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* JIMMY TIENDA, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
2/6/2020 3:34 PM
Michelle S. Martinez, Clerk of Court
Superior Court of the State of California
County of Kings

_____ Deputy
Karin Noble

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Kings
1640 Kings County Drive
Hanford, California 93230

CASE NUMBER:
*(Número del Caso):* 20C-0041

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Carpenter, Zuckerman & Rowley
8827 West Olympic Boulevard, Beverly Hills, CA 90211

DATE 2/6/2020  Clerk, by Clerk Of Court, Michelle S. Martinez _____ Deputy
*(Fecha)*  *(Secretario)*  Karin Noble

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder