# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOMI TIENDA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ADVENTIST HEALTH HANFORD, et al.,<br><br>    Defendants. | No.  1:20-cv-01169-NONE-SAB<br><br>ORDER DIRECTING CLERK OF THE COURT TO TERMINATE DAVID WAYNE NELSON AS A DEFENDANT IN THIS MATTER<br><br>ORDER REQUIRING DEFENDANTS TO FILE RESPONSIVE PLEADING<br><br>(Doc. No. 2)<br><br>FOURTEEN DAY DEADLINE |

      On February 6, 2020, Plaintiffs Leomi Tienda and Jimmy Tienda filed this action in the Kings County Superior Court.  (Doc. No. 1 at 3.)  On August 19, 2020, Defendant the United States of America removed this matter to the Eastern District of California.  (Doc. No. 1.)  Also on August 19, 2020, a notice of substitution was filed by the United States of America, substituting the United States of America in place of Defendant David Wayne Nelson, pursuant to 42 U.S.C. § 233(c).  (Doc. No. 2.)  The United States of America proffers that the basis for the substitution is that Defendant David Wayne Nelson was deemed an employee of the Public Health Service and was acting within the scope of such employment at the time of the incidents giving rise to the action.  (*Id.*)

      Pursuant to 28 U.S.C. § 2679, the exclusive remedy against an employee working in the scope of his employment is against the United States.  As relevant here, an employee of a public

or non-profit private entity receiving federal funds shall be deemed to be an employee of the Public Health Service and the exclusive remedy shall be against the United States. 42 U.S.C. § 233(g)(1)(A). "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1); *see also* 42 U.S.C. § 233(c) ("Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto.").

  The United States has filed a certification that Defendant David Wayne Nelson was deemed to be an employee of the Public Health Service and was acting within the course and scope of his employment at the time of the incidents alleged in the complaint. (Doc. No. 1-1.) Based on this information, the court shall direct the Clerk of the Court to terminate David Wayne Nelson as a defendant.

  Further, upon review of the removal documents, no responsive pleadings have been filed in the docket of this case, so the court will set a deadline for defendants to file pleadings responsive to the complaint.

///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 2679 and 42 U.S.C. § 233, this action is proceeding against the United States of America and the Clerk of Court is DIRECTED to terminate David Wayne Nelson as a defendant in this action; and

2. Defendants shall file their pleading responsive to the complaint within **fourteen (14) days** of the date of entry of this order.

IT IS SO ORDERED.

Dated:   **August 21, 2020**                    _____
                                                                    UNITED STATES DISTRICT JUDGE

3